ADELAIDE M. THAYER, as Executrix, etc., of WALTER N. THAYER, JR., Deceased, Respondent, v. LOUIS E. JALLADE, Appellant, and ALAN B. MILLS, Defendant.— Plaintiff has recovered a judgment for services rendered by her deceased husband as consultant to defendants, a copartnership of architects. The services were rendered in connection with the preparation and submission of plans to the United States government for a hospital proposed to be erected in connection with a group of buildings designed to house defective delinquents at Springfield, Mo. The contract for this work was made July 27, 1931. Appellant testified that the copartnership existed from that date to and including October, 1933. Much of the correspondence indicating decedent's employment and services was had between him and the non-appealing defendant. This is disavowed by appellant. Defendants received compensation of $6,671.48 besides expenses. Plaintiff has recovered one-third thereof. Respondent's testimony sustains the recovery. Appellant on July 6, 1933, wrote respondent a letter: "Mr. Mills has just left me. I have had a talk with him about our affair in Washington. Personally I have just come back from Washington trying to settle our claim with the Department of Justice. Mr. Mills is going down again this week and I hope we will have some progress to report to you soon. Very truly yours, * * * Louis E. Jallade." This is tantamount to an admission that decedent had an interest with defendant-appellant in the claim against the United States government. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of Charges and Specifications of Neglect of Duty in Violation of Rule 6 of the Rules and Regulations for the Government of the Police Department of the City of Binghamton, Preferred by LACEY B. ABEL, Chief of the Department of Police, Respondent, against ANDREW BARVINCHAK, Patrolman in the Department of Police, Appellant.— The appellant was assigned to the vice squad. A complaint was made to him that one Kuznick was operating a still in violation of law. Through a stool pigeon he made two unsuccessful attempts to obtain evidence of the violation and he also kept watch over the premises for a short time thereafter. The evidence shows that during all of the time while appellant claimed he was attempting to obtain evidence of the violation, the still was in operation and so continued until about a year thereafter when a new member of the vice squad easily obtained evidence which resulted in a conviction. The evidence sustains the conclusion that there was no reasonable effort on the part of the appellant to obtain the necessary proof and that he was guilty of neglect of duty as found by the commissioner. Determination confirmed, without costs. Hill, P. J., Crapser, Bliss and Foster, JJ., concur; Schenck, J., dissents, on the ground that the evidence does not sustain the conclusion that the appellant is guilty of neglect of duty.